IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS ARAGON,

    Plaintiff,

v.                                                  CIV No. 16-1378 LH/KRS

CHRISTINE J. SALAZAR,
CORIZON HEALTH CARE,
CAPTAIN DEBERRY,
LIEUTENANT ARNOLD ARAGON,
SERGEANT CHAVIRA, AND
JOHN DOE 1 – 100,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Carlos Aragon's civil rights complaint and motion to appoint counsel (Docs. 1, 7, 12). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, the Court will dismiss the complaint without prejudice, grant Plaintiff leave to amend, and deny any additional relief.

### Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint

that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

Factual Allegations

Plaintiff asserts claims under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments, and state tort law against his case manager and other prison officials for abuse, conspiracy, and deliberate indifference to his medical needs. The Court assumes the following facts taken from Plaintiff's pleadings (Docs. 1, 7) are true.

In 2013, Plaintiff was an inmate at the Central New Mexico Correctional Facility ("CNMCF"). *See* Doc. 7, p. 2. Around January or February of that year, he was assigned to a new case manager, Christine Salazar. *Id.* For the next ten months, she told other inmates Plaintiff was a sex offender and allowed them access to his confidential files. *Id.*

On December 20, 2013, Captain Deberry and Lieutenant Aragon took Plaintiff to the "strip

cage" for his protection. *Id.* at p. 3. As he walked to the cage, Plaintiff noticed Sergeant Chavira was also nearby. *Id.* Plaintiff recalls entering the cage, but he cannot remember anything else. *Id.* He woke up on the floor in a pool of blood. *Id.* He believes he was struck on his forehead with an object. Captain Deberry, Lieutenant Aragon, and Sergeant Chavira were the only staff members in the area when he regained consciousness. *See* Doc. 7 p. 3. Plaintiff's original complaint states the perpetrators have not been identified, but in a later filing he states the three officers attacked him. *Compare* Doc. 1, p. 13 and Doc. 7, p. 4. Plaintiff believes Case Manager Salazar solicited inmates or coworkers to "silence [him]" and harm him in retaliation for some type of investigation, but the details are unclear. *See* Doc. 1, p. 13.

After the incident, CNMCF officials escorted Plaintiff to the medical unit, where he received several stitches. *See* Doc. 7, p. 3. He was then transferred to the Western New Mexico Correctional Facility ("WNMCF"). *Id.* As a result of the attack, Plaintiff is permanently disfigured and experiences memory problems, paranoia, depression, anxiety, nightmares, and post-traumatic stress disorder. *See* Doc. 7, p. 4. He alleges medical staff at CNMCF and WNMCF refused to order a CAT scan or otherwise treat his mental and physical injuries. *Id.;* Doc. 1, p. 19-20.

Around 2014 or 2015, Case Manager Salazar and several other prison officials intervened in Plaintiff's parole process. *See* Doc. 1, p. 14. He was consequently released to a halfway house instead of his family home, as he requested. *Id.* Plaintiff failed to comply with the terms of his parole. *Id.* He asserts the failure is attributable to Case Manager Salazar's interference. *Id.*

Plaintiff initially sued 26 defendants based on the above occurrences. *See* Doc. 1. He later amended the complaint to proceed against Case Manager Salazar, Corizon Health Care, Captain Deberry, Lieutenant Aragon, Sergeant Chavira, and "John Doe 1-100." *See* Doc. 7, p. 1.

3

He seeks at least $2,400,000 in damages, a declaratory judgment that Defendants violated the Constitution, and a permanent injunction requiring Defendants to pay for his medical costs. *See* Doc. 7, p. 6-7.

## Analysis

If Plaintiff's case manager exposed him as a sex offender and prison guards attacked him as a result, his claims against those individuals may survive initial review under § 1915(e). *See, e.g., Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir. 1992) (Guard who told other inmates the plaintiff was a "snitch" demonstrated a "wanton disregard for the inmate's safety"); *Leary v. Livingston County Jail,* 528 F.3d 438, 442 (7th Cir. 2008) (Plaintiff potentially had a constitutional claim against the guard who told other prisoners that plaintiff was charged with raping a child). However, Plaintiff's current pleadings are deficient, for three reasons.

First, it is not clear which claims Plaintiff intends to assert. His original complaint seeks relief for assault, "malicious denial of parole," medical negligence, and intentional infliction of emotional distress. *See* Doc. 1. The amended complaint focuses (correctly, in the Court's view) on the assault and subsequent medical neglect, but the attached declarations still appear to refer to the parole issues. *See, e.g,* Doc. 7, p. 17. Both complaints take the form of handwritten sheets of paper. To survive screening under § 1915, Plaintiff must file a single submission containing a "short and plain statement" with all relevant claims and "enough facts that discovery might suggest an evidentiary basis for the claim." *Chance v. Vandiver*, 620 Fed.Appx. 678, 679 (10th Cir. 2015) (unpublished).

Second, Plaintiff appears to name unknown defendants and parties who are not subject to liability. A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172

(10th Cir. 2000). The plaintiff must allege that each government official has personally violated the Constitution and that there is a connection between the official conduct and the violation. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998); *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Further, a private corporation performing a government function is liable under § 1983 only where a plaintiff shows that it "directly caused the constitutional violation by instituting an official municipal policy of some nature, that was the direct cause or moving force behind the constitutional violations." *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (internal quotations omitted) (citations omitted). Since Plaintiff has not alleged Corizon Healthcare deprived him of his constitutional rights pursuant to an official corporate policy or custom, the entity is not a proper party to this action. Plaintiff also cannot proceed against any "John Doe" defendants. A successful § 1983 complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Finally, the Court determines that many of Plaintiff's allegations are too conclusory to state a cognizable constitutional claim. To demonstrate prison officials were deliberately indifferent to Plaintiff's medical needs, his health issues must have "been diagnosed by a physician as mandating treatment or … so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). The complaint must also allege that the defendants "kn[e]w of and disregarded an excessive risk to [Plaintiff's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). With respect to the assault, Plaintiff must provide as many details as possible, including, for example, the extent of each defendant's involvement, their relationship to one another (if he knows it), what "investigation"

allegedly upset Case Manager Salazar, why Plaintiff believes prison officials wanted to "silence him," etc.

For the foregoing reasons, the Court will dismiss Plaintiff's complaint without prejudice because it fails to state a claim upon which relief can be granted. Plaintiff may file an amended complaint, using the Court's form § 1983 pleading, within 30 days of entry of this order. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court may dismiss the case with prejudice and without further notice.

The Court also denies Plaintiff's request for counsel. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case."). The pro bono resources available to the Court are extremely limited. The merits, nature, and complexity of Plaintiff's case do not justify the request, and the Court is confident that Plaintiff is "ab[le] to present [his] claims." *Rachel,* 820 F.3d at 397 (identifying factors to consider in determining whether to request counsel in a prisoner civil rights case).

**IT IS THEREFORE ORDERED** that Plaintiff's civil rights complaint (Doc. 1, as amended and supplemented by Doc. 7) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

**IT IS FURTHER ORERED** Plaintiff may file an amended complaint on the Court's form **within 30 days of entry of this order**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to Plaintiff a copy of this order along with two copies of the Court's form Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 12) is **DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE